Hilda Margarita DEL CID DE
NAVARRO, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 07–73787.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 15, 2008.

Jerry Shapiro, Law Offices of Fuire &
Shapiro, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of
the District Counsel, Department of
Homeland Security, Los Angeles, CA,
Ronald E. Lefevre, Chief Counsel, Office
of the District Counsel, Department of
Homeland Security, San Francisco, CA,
Daniel E. Goldman, Esq., DOJ–U.S. De-
partment of Justice, Civil Div. Office of
Immigration Lit., Washington, DC, for Re-
spondent.

Before: PREGERSON, McKEOWN
and N.R. SMITH, Circuit Judges.

MEMORANDUM **

This is a petition for review from the
Board of Immigration Appeals' ("BIA") or-
der dismissing the appeal from the Immi-
gration Judge's ("IJ") denial of petitioner's
application for deferral of removal pursu-
ant to the Convention Against Torture
("CAT"). See 8 C.F.R. § 1208.17.

We have jurisdiction to consider the de-
nial of CAT relief. See Lemus–Galvan v.
Mukasey, 518 F.3d 1081, 1084 (9th Cir.
2008). We review the BIA's factual find-
ings to see if substantial evidence supports
those findings. See Zheng v. Ashcroft, 332
F.3d 1186, 1193–94 (9th Cir.2003).

Petitioner challenges the BIA's decision
to the extent the BIA affirmed the IJ's
determination that she had not presented
credible testimony to support her applica-
tion for relief. Petitioner fails, however, to
challenge the BIA's finding that, even as-
suming her testimony was credible, she
failed to satisfy her burden of establishing
that she will be likely tortured if she re-
turns to Guatemala. Because petitioner
does not challenge this finding in her open-
ing brief, she waives this issue. See Mar-
tinez–Serrano v. INS, 94 F.3d 1256, 1259–
60 (9th Cir.1996) (holding that issues not
specifically raised and argued in a party's
opening brief are waived).

Moreover, substantial evidence supports
the BIA's finding that petitioner will not
be tortured in Guatemala. Petitioner ad-
mitted that she was never harmed in Gua-
temala when she lived there prior to 1975,
and that she was not harmed on any of her
subsequent trips back to that country.
The IJ appropriately concluded that the
evidence presented did not support a find-
ing that the government of Guatemala is
currently engaged in widespread torture of
former guerillas or those who assisted
them.

Accordingly, respondent's unopposed
motion for summary denial of the petition
for review is granted because the ques-

---

* The panel unanimously finds this case suitable
for decision without oral argument. See Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

tions raised by this petition are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.