**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GUSTAVO LEMUS-GALVAN,
　　　　　　　　　*Petitioner,*

v.

MICHAEL B. MUKASEY,* Attorney
General,
　　　　　　　　　*Respondent.*

No. 04-72651

Agency No.
A37-542-695

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
October 18, 2007—Pasadena, California

Filed March 11, 2008

Before: Alex Kozinski, Chief Judge, A. Wallace Tashima
and M. Margaret McKeown, Circuit Judges.

Opinion by Judge McKeown

---

*Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

**COUNSEL**

David B. Landry, San Diego, California, for the petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Department of Justice, Washington, D.C.; Linda S. Wendtland, Assistant Director, Donald A. Couvillon, Office of Immigration Litigation, Department of Justice, Washington, D.C., for the respondent.

## OPINION

McKEOWN, Circuit Judge:

Gustavo Lemus-Galvan seeks review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of deferral of removal under the Convention Against Torture ("CAT").[1] Notwithstanding that Lemus-Galvan was ordered removed on the basis of an aggravated felony, we have jurisdiction over his deferral of removal claim under the CAT. *See Morales v. Gonzales*, 478 F.3d 972 (9th Cir. 2007).

## BACKGROUND

Lemus-Galvan is a native and citizen of Mexico who has been a legal permanent resident of the United States since 1982. He was convicted of attempted second degree murder. On the basis of that conviction, he was denied relief under § 212(c) of the Immigration and Nationality Act and ordered deported in 1996.

After the BIA dismissed his appeal of that order, Lemus-Galvan moved to reopen proceedings to apply for deferral of removal under the CAT. He alleged that if he were returned to Mexico, it was more likely than not that he would be tortured by the Pimental family, a drug cartel that had been involved in a violent turf war with members of Lemus-Galvan's extended family in the northern border regions of Mexico.

In 1999, an IJ granted reopening but denied deferral of removal under the CAT, finding that it was more likely than not that Lemus-Galvan could safely relocate to another part of

---

[1]Where the BIA summarily affirms the IJ's decision, we review the IJ's decision. *See Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1063 n.1 (9th Cir. 2003).

Mexico. Lemus-Galvan appealed the IJ's denial of deferral of removal, and the BIA, without ruling on the merits of his CAT claim, remanded on the basis of a change in the law concerning eligibility for § 212(c) waivers. *See* 8 C.F.R. § 212.3(g) (allowing aliens whose deportation proceedings began before April 24, 1996, to apply for § 212(c) relief).

On remand, the IJ denied Lemus-Galvan's request for a § 212(c) waiver. Expressly incorporating his reasoning from the 1999 decision, the IJ again denied Lemus-Galvan's request for deferral of removal under the CAT and ordered removal on the basis of his aggravated felony conviction. The BIA summarily affirmed the IJ's opinion. Lemus-Galvan now seeks review of the BIA's denial of his deferral of removal claim.

## ANALYSIS

**[1]** We must first decide whether we are barred from reviewing Lemus-Galvan's petition by 8 U.S.C. § 1252(a)(2)(C), which states that we may not review "any final order of removal against an alien who is removable by reason of having committed" certain criminal offenses, including aggravated felonies. Attempted second degree murder, the offense for which Lemus-Galvan was convicted, is an aggravated felony. *See id.* § 1227(a)(2)(A)(iii). Because the IJ expressly premised removal on this conviction, the government argues that we are precluded from reviewing Lemus-Galvan's petition. We disagree. The jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(C) does not deprive us of jurisdiction over denials of deferral of removal under the CAT, which are always decisions on the merits. *See Morales*, 478 F.3d at 980.

**[2]** It is significant that Lemus-Galvan seeks review only of the IJ's denial of *deferral* of removal. There are two forms of relief under the CAT: withholding of removal and deferral of removal. *See* 8 C.F.R. §§ 208.16(c), 208.17(a). If an IJ deter-

mines that an aggravated felony constitutes a "particularly serious crime," and denies withholding of removal under the CAT on the basis of the conviction, § 1252(a)(2)(C) bars our review of the denial of withholding. *See Unuakhaulu v. Gonzales*, 416 F.3d 931, 937 (9th Cir. 2005) (holding that where denial of withholding of removal is not predicated on petitioner's aggravated felony conviction, we have jurisdiction to review). However, even if an alien has been convicted of a "particularly serious crime," and is ineligible for withholding of removal under the CAT, an IJ is required to grant deferral of removal if the alien can establish the likelihood of torture upon return. *See* 8 C.F.R. § 208.17(a).

**[3]** The jurisdictional wrinkle here is that although the IJ ordered removal on the basis of Lemus-Galvan's felony conviction, he denied Lemus-Galvan's request for deferral of removal under the CAT because Lemus-Galvan failed to establish that internal relocation within Mexico was impossible. *Morales* provides helpful guidance on this point: Absent a procedural defect, because the determination of the likelihood of torture is a decision on the merits, we have jurisdiction over petitions seeking review of such decisions. *Morales*, 478 F.3d 972.

In *Morales*, the IJ ordered Morales's removal on the basis of a crime involving moral turpitude, and denied her applications for asylum and withholding of removal on the basis that her offense was a "particularly serious crime." *Id.* at 975. The IJ also denied Morales's request for deferral of removal[2] under the CAT because she had not shown that it was more likely than not that she would be tortured if she returned to Mexico. The BIA affirmed.

---

[2]Although we did not make explicit in *Morales* that the petitioner sought deferral of removal under the CAT, it is apparent that she did. The IJ ordered Morales's removal on the basis that she had committed a "particularly serious crime." 8 C.F.R. § 208.16(d)(2). Thus, the "only relief for which Morales was possibly eligible was" deferral of removal under the CAT. *Morales*, 972 F.3d at 977; *see also* 8 C.F.R. § 208.17(a).

On appeal, we concluded that we had jurisdiction over Morales's claim for CAT relief: "[W]hen an IJ does not rely on an alien's conviction in denying CAT relief and instead denies relief on the merits, none of the jurisdiction-stripping provisions — § 1231(b)(3)(B), § 1252(a)(2)(B)(ii), or § 1252(a)(2)(C) — apply to divest this court of jurisdiction." *Id.* at 980. Because the IJ denied Lemus-Galvan's request for deferral of removal on the merits, we have jurisdiction over his petition.[3] *Id.*

**[4]** Lemus-Galvan failed to establish that internal relocation within Mexico was impossible. *See* 8 C.F.R. § 208.16(c)(3)(ii); *see also Hasan v. Ashcroft*, 380 F.3d 1114, 1123 (9th Cir. 2004). Substantial evidence therefore supports the IJ's decision to deny deferral of removal under the CAT. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003).

**PETITION DENIED.**

---

[3]Our decision in *Ruiz-Morales v. Ashcroft*, 361 F.3d 1219 (9th Cir. 2004), is not to the contrary. In *Ruiz-Morales*, we dismissed for lack of jurisdiction over all of the claims, including a request for CAT relief, because the alien had been removed on the basis of an aggravated felony. *Id.* at 1222. We did not state in *Ruiz-Morales* whether the petitioner sought withholding or deferral of removal under the CAT. As we note earlier in this opinion, § 1252(a)(2)(C) may deprive us of jurisdiction over some CAT withholding of removal claims. 8 U.S.C. § 1252(a)(2)(C); *see Unuakhaulu*, 416 F.3d at 936. Therefore, *Ruiz-Morales* does not conflict with *Morales*, nor does it foreclose the result that we reach here.