Verendra DATT, Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–70021.

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2008.*

Filed May 16, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nicholas W. Marchi, Carney & Marchi, PS, Seattle, WA, for Petitioner.

Wendy Benner–Leon, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: BEA and M. SMITH, Circuit Judges, and HOOD,** Senior District Judge.

## MEMORANDUM ***

Verendra Datt, a native and citizen of Fiji, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal. The BIA affirmed the Immigration Judge's ("IJ") order, denying Datt asylum and withholding of removal due to his conviction for several aggravated felonies, including sexual abuse of a minor, rendering him removable under 8 U.S.C. §§ 1101(a)(43)(A), 1227(a)(2)(A)(iii), and denying him deferral of removal under Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT").

We have jurisdiction to consider the denial of CAT relief. *Lemus–Galvan v. Mukasey*, 518 F.3d 1081, 1083–84 (9th Cir. 2008). We review the BIA's factual findings to see if substantial evidence supports those findings, and the BIA's interpretation of legal questions de novo. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1193–94 (9th Cir.2003). We deny the petition.[1]

The judgment of conviction shows that on July 31, 2000, Datt was convicted of five counts of sexual abuse in the first degree, in violation of Oregon Revised Statutes ("ORS") § 163.427; one count of criminal mistreatment, ORS § 163.205; one count of assault in the third degree, ORS § 163.165; and one count of assault in the fourth degree, ORS § 163.160. The indictment states that all of Datt's victims were boys under the age of fourteen. Datt was

---

** The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts of this case, we recite them only as necessary.

sentenced to concurrent terms of 75 months in prison, followed by 120 months of supervised release. Datt's conviction was affirmed on direct appeal, and the Oregon Court of Appeals denied his appeal from the denial of his petition for a writ of habeas corpus.

 Datt conceded his convictions, and challenged only whether they are considered final because he had appealed the denial of his petition for post-conviction relief. A conviction that has been affirmed on direct appeal, such as Datt's, is considered final until it is overturned, even if there is a pending petition for post-conviction relief. *Urbina–Mauricio v. INS*, 989 F.2d 1085, 1089 (9th Cir.1993) ("A criminal conviction is final for the purposes of immigration review if the alien has exhausted or waived direct appellate review.").

 Datt also conceded—twice, through counsel—that: (1) his crimes constitute sexual abuse of a minor;[2] (2) his crimes are "particularly serious crimes", and consequently he is not eligible for withholding of removal, 8 C.F.R. § 1208.16(d)(2);[3] and (3) CAT relief was the only form of relief he was seeking.

---

**2.** A conviction for sexual abuse in the first degree under ORS § 163.427 constitutes the sexual abuse of a minor, which is an aggravated felony that supports a charge of removability under 8 U.S.C. § 1227(a)(2)(A)(iii). *See Mendez–Alcaraz v. Gonzales*, 464 F.3d 842, 843 & n. 1 (9th Cir.2006).

**3.** Because Datt's sentence was for more than five years in prison, and the statutes under which Datt was convicted, ORS §§ 163.160,

 Substantial evidence supports the BIA's finding that Datt will not be tortured in Fiji. Datt produced no evidence to support his conclusory statements that he would be tortured for crimes he committed outside Fiji. Although he claimed he and his family would be harmed because of his crimes, he admitted that the people in his village already knew of his crimes, and yet neither he nor his family had been harmed. Further, Datt admitted that the only people he knew who went to jail were people who committed crimes in Fiji, not elsewhere.

With regard to his claim he would be discriminated against due to his religion, Datt testified only that people in the temple might exclude him; he did not testify to anything approaching torture, nor to any acts by public officials.

**PETITION FOR REVIEW DENIED.**

163.165, constitute particularly serious crimes, Datt's convictions render him ineligible for withholding. *See* 8 C.F.R. § 1208.16(d)(2). Datt also raises a due process claim regarding his eligibility for withholding of removal, but he did not exhaust this claim before the IJ and the BIA, thus depriving us of jurisdiction. 8 U.S.C. § 1252(d)(1).