Mulya SASMITA, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–73969.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 8, 2008.

Errol I. Horwitz, Law Offices of Errol I. Horwitz, Woodland Hills, CA, for Petitioner.

District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret A. O'Donnell, Patricia Ann Smith, Senior Litigation Counsel, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM **

Mulya Sasmita, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for deferral of removal under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. *Lemus–Galvan v. Mukasey*, 518 F.3d 1081, 1084 (9th Cir.2008). We review for substantial evidence the agency's CAT determination and review de novo questions of law. *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the agency's determination that Sasmita did not show it was more likely than not that he would be tortured if he returned to Indonesia. *See Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir.2005).

Contrary to Sasmita's contention, the IJ used the correct legal standard and considered the relevant evidence in evaluating his deferral of removal claim. *See Zheng*, 332 F.3d at 1194.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

