**Francisco Antonio MIRANDA–CORDOVA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72140.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 10, 2008.

Francisco Antonio Miranda–Cordova, Los Angeles, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Daniel Glenn Lonergan, Esquire, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Francisco Antonio Miranda–Cordova, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. *Lemus–Galvan v. Mukasey,* 518 F.3d 1081,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1084 (9th Cir.2008). We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *Molina–Morales v. INS,* 237 F.3d 1048, 1050 (9th Cir.2001). We deny the petition for review.

Substantial evidence supports the agency's determination that Miranda–Cordova did not qualify for asylum because he failed to establish past persecution or a well-founded fear of future persecution. *See id.* at 1051. Because Miranda–Cordova did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *Id.*

Miranda–Cordova also failed to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured if he returned to El Salvador. *See Nuru v. Gonzales,* 404 F.3d 1207, 1221 (9th Cir.2005).

## PETITION FOR REVIEW DENIED.