Mario Rene VEGA, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–71247.

United States Court of Appeals, Ninth Circuit.

Submitted July 18, 2008.*

Filed Sept. 26, 2008.

John M. Pope, Esq., Stender & Pope, PC, Phoenix, AZ, for Petitioner.

AZP–District Director, Office of the District Director U.S., Department of Homeland Security, Phoenix, AZ, John C. Cunningham, Esquire, OIL, Luis E. Perez, Senior Litigation Counsel, Linda S. Wendtland, Esquire, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FARRIS, SILER,** and BEA, Circuit Judges.

MEMORANDUM ***

Mario Rene Vega, a citizen of Guatemala and a lawful permanent resident of the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

United States, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an Immigration Judge's ("IJ") final order of removal. Vega contends the IJ erred in determining he was ineligible for: (1) withholding of removal under the Immigration and Nationality Act ("INA") and the Convention Against Torture ("CAT"); (2) deferral of removal under CAT; and (3) former INA § 212(c) relief, 8 U.S.C. § 1182(c). We dismiss the petition for review in part for lack of jurisdiction and deny the petition for review in part on the merits.

1. We lack jurisdiction over Vega's withholding of removal claim. The IJ denied withholding of removal because Vega's conviction under California Penal Code § 288(c)(1) constituted a "particularly serious crime," which results in the mandatory denial of withholding of removal. 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 208.16(d)(2). The determination whether a crime is "particularly serious" is committed to the IJ's discretion. *Unuakhaulu v. Gonzales*, 416 F.3d 931, 935 (9th Cir.2005). We lack jurisdiction over such discretionary determinations, unless the petitioner raises a question of law or a constitutional challenge to the IJ's determination. *Afridi v. Gonzales*, 442 F.3d 1212, 1218 (9th Cir.2006). Vega does not raise such legal or constitutional claim and instead asks this court solely to reweigh the evidence to hold his conviction does not constitute a "particularly serious crime." This is insufficient to vest this court with jurisdiction over his withholding of removal claim. *See id.*

2. We have jurisdiction to review Vega's deferral of removal claim under CAT, because his conviction of a "particularly serious crime" does not render him ineligible for deferral of removal. *See Lemus–Galvan v. Mukasey*, 518 F.3d 1081, 1084 n. 2 (9th Cir.2008). The IJ found although Vega's brothers were killed in a land dispute with a neighboring family, Vega remained in Guatemala for thirteen years afterwards without being harmed. The IJ further found Vega could relocate within Guatemala to avoid any harm from the neighboring family. Thus, the IJ held Vega failed to show it was more likely than not he would be tortured in Guatemala or that such torture would be "committed by the government or forces the government is either 'unable or unwilling' to control." *See Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir.2000). We hold substantial evidence supports the IJ's determinations. *See Singh v. Ashcroft*, 351 F.3d 435, 442 (9th Cir.2003).

3. We lack jurisdiction to review the IJ's denial of § 212(c) relief. The IJ denied § 212(c) relief to Vega on two alternative grounds: (1) Vega abandoned his § 212(c) claim for failure to file a timely Form I–191 (Application for Advance Permission to Return to Unrelinquished Domicile); and (2) Vega is statutorily ineligible for § 212(c) relief. Before the BIA, Vega contested only the IJ's holding that he is statutorily ineligible for § 212(c) relief, but did not appeal the IJ's alternative holding that he had abandoned his § 212(c) claim. This constitutes a failure to exhaust administrative remedies, which deprives us of jurisdiction over his § 212(c) claim. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir.2004).

**PETITION DISMISSED IN PART, DENIED IN PART.**