MEMORANDUM **
Petitioner Raghuvinder Kumar (“Kumar”) seeks review of the Board of Immigration Appeals’ (“BIA”) decision affirming the Immigration Judge’s (“IJ”) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.
As the IJ found that Kumar had suffered past persecution, Kumar was entitled to a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1); Ladha v. INS, 215 F.3d 889, 897 (9th Cir.2000). However, the Board affirmed the IJ’s conclusion that the Government had rebutted this presumption by a preponderance of the evidence. Specifically, the IJ found, and the BIA affirmed, that Kumar could avoid future persecution by relocating within India, and that such relocation was reasonable. See 8 C.F.R. § 1208.13(b)(l)(i)(B). We find that substantial evidence supports these findings.
Because Kumar failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. See Fisher v. INS, 79 F.3d 955, 960-61 (9th Cir.1996) (en banc). Moreover, we find that substantial evidence supports the Board’s rejection of Kumar’s claim that the past persecution he endured was so severe that returning him to India would be inhumane. See, e.g., Vongsakdy v. INS, 171 F.3d 1203, 1205 (9th Cir.1999). Finally, as Kumar has not shown that it is more likely than not that he will be arrested and tortured upon his return to India, his argument for relief under the Convention Against Torture fails. See Nuru v. Gonzales, 404 F.3d 1207, 1221 (9th Cir. 2005); Lemus-Galvan v. Mukasey, 518 F.3d 1081, 1084 (9th Cir.2008).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.