**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SYLVESTER OWINO,

*Petitioner,*

v.

ERIC H. HOLDER Jr., Attorney
General,

*Respondent.*

No. 06-74297

Agency No.
A097-469-354

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
June 23, 2009—Seattle, Washington

Filed August 4, 2009

Before: Betty B. Fletcher, Raymond C. Fisher and
Ronald M. Gould, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

Sylvester Owino (pro se), James Fife (argued), Federal Public Defenders of San Diego, Inc., San Diego, California, for the petitioner-appellant.

Peter D. Keisler, Assistant Attorney General, Civil Division; Richard Evans, Assistant Director; Andrew J. Oliveira (argued), Office of Immigration Litigation, Washington, D.C., for the respondent-appellee.

**OPINION**

PER CURIAM:

Sylvester Owino petitions for review of the Board of Immigration Appeal's ("BIA") final order of removal, which found him credible but denied his requests for asylum, withholding of removal and deferral of removal under the Convention Against Torture ("CAT"). He appeals only the BIA's denial of deferral of removal under CAT. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We grant Owino's petition and remand to the IJ on an open record.[1]

## I.  Background

Owino is a citizen of Kenya who entered the United States in 1998 on a student visa. Owino was convicted of second degree robbery in California in 2003. After serving his three-year sentence, he was detained by the Department of Homeland Security and served with a notice to appear, alleging he was subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii), which covers aliens convicted of an aggravated felony. Owino

---

[1]In a related case, Owino challenges the legality of his civil confinement by the Department of Homeland Security. We concurrently decide that appeal in *Owino v. Napolitano*, 08-56392.

admitted all factual allegations and applied for asylum, withholding of removal and CAT relief. He testified before an immigration judge ("IJ") that he feared returning to Kenya because on two occasions he had been violently abused by police for his public criticism of the government and his support of women's rights. After that hearing, Owino submitted for the record a letter from his brother, warning him not to return to Kenya because the police would kill him if he returned. At Owino's final hearing, his brother was available to testify telephonically from Europe. The IJ never explicitly excluded Owino's brother's testimony, but the hearing concluded without it.

The IJ denied all relief. The IJ found that Owino's aggravated felony conviction barred him from asylum and CAT withholding, *see* 8 U.S.C. § 1158(b)(2)(A)(ii), (b)(2)(B)(i), and that Owino's crime was "particularly serious," barring him from withholding of removal, *see* 8 U.S.C. § 1231(b)(3)(B)(ii). Owino does not appeal these decisions. The IJ also addressed the merits of Owino's request for deferral of removal under CAT — because deferral has no criminal conviction bar, *see* 8 C.F.R. § 1208.17 — and denied Owino relief. The IJ found Owino not credible, assuming that his story would be susceptible to documentary evidence that Owino failed to supply. The IJ further found that Owino did not meet his burden to show it was more likely than not he would be tortured in Kenya because Owino did not demonstrate a nexus between general police corruption in Kenya and a likelihood that Owino would himself be tortured if he returned. Owino appealed to the BIA and proffered additional documentary evidence with his brief. The BIA refused the new evidence, but reversed the IJ's credibility determination as unsupported by the record, without mentioning the standards imposed by the REAL ID Act. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The BIA nevertheless dismissed Owino's appeal because it agreed with the IJ that Owino failed to establish a nexus between corruption of some Kenyan officials and Owino's fear of being tortured. Further,

the BIA noted the need for corroborating evidence to bolster Owino's generalized testimony. Owino argues that (1) the IJ and the BIA applied the wrong legal standard to his CAT claim; (2) the IJ violated his due process rights by failing to allow his brother to testify telephonically; and (3) the BIA violated his due process rights by failing to consider the additional documentary evidence submitted with Owino's BIA brief.

## II. Analysis

We first address our jurisdiction. Although Owino is removable by reason of having committed an aggravated felony, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), the government correctly concedes that "[t]he jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(C) does not deprive us of jurisdiction over denials of deferral of removal under the CAT." *Lemus-Galvan v. Mukasey*, 518 F.3d 1081, 1083 (9th Cir. 2008). We therefore have jurisdiction over the final order of removal under 8 U.S.C. § 1252(a)(1).

[1] On the merits of his CAT deferral claim, Owino argues that the BIA erroneously required him to corroborate his credible testimony and urges us to remand for reconsideration under the proper legal standard, invoking cases such as *Karapetyan v. Mukasey*, 543 F.3d 1118, 1123-24 (9th Cir. 2008), a pre-REAL ID Act case holding that an IJ may not require corroboration of credible testimony. However, the REAL ID Act applies here, because Owino's application for relief from removal was filed January 18, 2006. The Act establishes the proper legal standards governing adverse credibility determinations. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Even assuming credibility, the Act permits an IJ to "determine[ ] that the applicant should provide evidence which corroborates otherwise credible testimony." 8 U.S.C. § 1229a(c)(4)(B). The government urges us to remand for application of these standards to Owino's case. Because neither the IJ nor the BIA applied the REAL ID Act, we agree with the government, and

remand to the IJ on an open record to determine the merits of Owino's application under the REAL ID Act's standards. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Accordingly, we need not reach Owino's due process arguments regarding evidence he proffered to the IJ and BIA. As the government agreed at oral argument, both parties will be able to supplement the record with admissible evidence on remand, so Owino will be able to proffer his brother's relevant testimony, the documents he appended to his BIA brief and evidence of current conditions in Kenya. We do not, of course, rule on the admissibility or probity of such evidence.

**PETITION GRANTED AND REMANDED.**