MEMORANDUM **
Tarlochan Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Melkonian v. Ashcroft, 320 F.3d 1061, 1065 (9th Cir.2003), and we deny the petition.
Substantial evidence supports the BIA’s determination that Singh reasonably could relocate to another area of India, particularly given that prior to his arrival in the United States, he left India for Thailand, then returned to Calcutta, India, and lived there for several months without incident. See 8 C.F.R. § 1208.13(b)(1)(i)(B); see also Melkonian, 320 F.3d at 1069 (applicant who has demonstrated well-founded fear of persecution may be denied asylum “where the evidence establishes that internal relocation is a reasonable option under all of the circumstances”). Accordingly, Singh’s claim for asylum fails.
Substantial evidence also supports the BIA’s denial of withholding of removal based on the IJ’s finding that Singh may relocate within India. See 8 C.F.R. § 208.16(b)(3); see also Gonzalez-Heman-dez v. Ashcroft, 336 F.3d 995, 999, 1001 n. 5 (9th Cir.2003).
Finally, substantial evidence also supports the BIA’s denial of Singh’s CAT claim because Singh failed to establish it was more likely than not he would be tortured if returned to India. See Lemus-Galvan v. Mukasey, 518 F.3d 1081, 1084 (9th Cir.2008).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.