**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERT O. DURU, aka Gilbert Onyeanusuonwu Duru; aka Gilbert Bur,<br><br>       Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>       Respondent. | No. 05-76887<br><br>BIA-1: A092-868-680<br><br>MEMORANDUM[*] |

Appeal from the Board of Immigration Appeals
Submitted December 10, 2009[**]
San Francisco, California

Before: O'SCANNLAIN, COWEN,[***] and RAWLINSON,
Circuit Judges

Gilbert Duru, a native and citizen of Nigeria, petitions for review of the Board

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

of Immigration Appeals' ("BIA's") denial of deferral of removal under the United Nations Convention Against Torture. Duru asserts that he has established that it is more likely than not that he will be tortured upon return to Nigeria, and therefore, meets the requirements for deferral as set forth in 8 C.F.R. §§ 208.16(c), 208.17(a). We have jurisdiction under 8 U.S.C. § 1252; *see also Lemus-Galvan v. Mukasey*, 518 F.3d 1081, 1083 (9th Cir. 2008). We will reverse only if we conclude that the evidence supports a contrary resolution that compels reversal. *See* 8 U.S.C. §§ 1252(b)(4)(B), (C). We conclude that the BIA properly denied deferral as Duru failed to meet his burden.

Duru entered this country on a student visa and remained here unlawfully after his visa expired. Duru has an extensive criminal record, including a conviction for an aggravated felony involving drug-trafficking. In opposition to removal, Duru raised a variety of claims. The gist of his opposition is that as an ex-convict, he would face imprisonment and torture upon re-entry into Nigeria. Duru's evidence consists of (i) his testimony that he "heard" that during the 1990s the Nigerian government tortured citizens who returned from the United States with criminal records and (ii) a portion of a report from the United States Department of State ("State Department") discussing the harsh conditions in Nigerian prisons.

2

The Immigration Judge ("IJ") ruled that Duru was ineligible for asylum,[1] cancellation of removal, voluntary departure, restriction of removal or withholding of removal due to his conviction for an aggravated felony involving drugs. The IJ granted Duru's application for deferral of removal under the Convention Against Torture. The government appealed the IJ's grant of deferral of removal. The BIA sustained the government's appeal, vacated the grant of deferral, and remanded for the IJ to issue an order of removal. The BIA concluded that Duru failed to establish that it is more likely than not that he would be tortured upon return to Nigeria.

We conclude that the BIA correctly found that Duru failed to meet his burden for deferral under § 208.17(a). The State Department's report indicates that prison conditions in Nigeria are harsh; however, the report provides no evidence of a policy or practice of imprisoning citizens with criminal records upon re-entry. Moreover, testimony of what Duru "heard" is insufficient to satisfy his burden under § 208.17(a). First, this evidence is uncorroborated hearsay. Second, it is stale. It is possible that the conditions in Nigeria have changed significantly since the 1990s. *See Delgado v. Holder*, 563 F.3d 863, 874 (9th Cir. 2009) (affirming denial of deferral as the alien's evidence of torture of his parents in the 1970s and 1980s failed to establish the likelihood of his torture upon re-entry).

---

[1] Additionally, the IJ ruled that Duru's asylum application was untimely.

3

**PETITION FOR REVIEW DENIED.**