**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VARINDER KAUR GILL, | No. 07-71737 |
| Petitioner, | Agency No. A097-613-670 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Varinder Kaur Gill, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

KAD/Research                                    1

removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000), and we deny in part and dismiss in part the petition for review.

Gill was detained briefly three times over an eleven-year period, and although she was slapped and verbally threatened, she did not require medical treatment. Substantial evidence supports the BIA's conclusion that any harm Gill may have suffered, even in the aggregate, did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006). Substantial evidence also supports the BIA's conclusion that Gill failed to establish past persecution or an objective, well-founded fear of persecution on account of a protected ground. *See Sangha v. INS*, 103 F.3d 1482, 1486 (9th Cir. 1997). Accordingly Gill's asylum claim fails.

Because Gill failed to demonstrate eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

Substantial evidence also supports the BIA's denial of Gill's CAT claim because Gill failed to establish it was more likely than not she would be tortured if

returned to India. *See Lemus-Galvan v. Mukasey*, 518 F.3d 1081, 1084 (9th Cir. 2008).

We lack jurisdiction to review the agency's denial of voluntary departure, *see* 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i), and therefore we dismiss the petition as to Gill's voluntary departure request.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**