**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MANNAKA OUNG,<br><br>  Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>  Respondent. | No. 05-76076<br><br>Agency No. A25-390-996<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2010[**]
Pasadena, California

Before: PREGERSON and BEEZER, Circuit Judges, and CONLON,[***] District Judge.

Mannaka Oung, a native and citizen of Cambodia (Kampuchea), petitions

for review of the Board of Immigration Appeals' ("BIA") decision affirming the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

denial of his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). We dismiss in part and deny in part the petition for review.

Oung was ordered removed on the basis of two convictions, including an aggravated assault causing serious bodily injury in violation of Tennessee Code § 39-13-102. He argues that the BIA erred in determining that this aggravated felony constituted a "particularly serious crime," thereby rendering him ineligible for withholding of removal. 8 U.S.C. § 1231(b)(3)(B)(ii). Because the BIA denied withholding of removal on account of Oung's aggravated felony conviction, we are without jurisdiction to review the denial. 8 U.S.C. § 1252(a)(2)(C); *Lemus-Galvan v. Mukasey*, 518 F.3d 1081, 1083 (9th Cir. 2008). We lack jurisdiction to review the BIA's discretionary determination that Oung's assault conviction was "particularly serious." *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010). Oung raises no constitutional claim or question of law sufficient to overcome the jurisdictional bar. *See* 8 U.S.C. § 1252(a)(2)(D). His petition is dismissed insofar as it challenges the denial of withholding of removal.

We have jurisdiction over the BIA's denial of deferral of removal under CAT because relief was denied on the merits, not because of Oung's prior convictions. *Lemus-Galvan*, 518 F.3d at 1083-84. To be eligible for CAT deferral, Oung must prove that he will more likely than not be tortured upon removal to

Cambodia. 8 C.F.R. § 1208.17(a). Oung presented evidence that he suffered persecution and torture at the hands of the Khmer Rouge prior to emigrating in 1983. He did not provide evidence of a current risk of harm. Substantial evidence supports the BIA's determination that conditions in Cambodia have changed significantly over the last thirty years, and that the Khmer Rouge is no longer a threat. Relief from denial of the deferral of removal is denied. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003).

We need not address Oung's challenge to credibility findings made by the immigration judge. The BIA presumed Oung to be credible; we accept his testimony as true. *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009) (our review is limited to the BIA's decision, except to the extent an immigration judge's opinion is expressly adopted).

**DISMISSED IN PART; DENIED IN PART.**

FILED

APR 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Pregerson, J., concurring.  *Oung v. Holder*, No. 05-76076.

I concur in the result of this case.  I write separately to emphasize the injustice perpetrated by our immigration system in this case and many like it.

Mannaka Oung has not had an easy life.  As a small child he was tortured by the Khmer Rouge in his native Cambodia.  After his father was killed, his mother fled with Oung, then nine years old, and his siblings to the United States.

In the U.S. Oung had a difficult childhood.  He had little family support and oversight.  As a result, Oung got into trouble as a teenager and became involved with a Cambodian street gang.  In 1993, at the age of 18, Oung pled guilty to shooting at an unoccupied vehicle in violation of California Penal Code § 247(b).[1]

In 1998, Oung moved to Tennessee to start anew, away from "all these gangs."  In 2000, Oung was convicted of aggravated assault causing serious bodily injury under Tennessee Code § 39-13-102, in what can only be characterized as a crime of passion involving Oung's ex-girlfriend.  Oung completed domestic

---

[1]  Oung has been a lawful permanent resident since 1983.  He was eligible to naturalize in 1988, when he was approximately 13 years old, but did not do so.  There are any number of reasons why immigrants do not naturalize once they become eligible, including a lack of understanding of the importance of citizenship.  *See, e.g.,* Judith Bernstein-Baker, *Citizenship in  Restrictionist Era: The Mixed Messages of Federal Policies*, 16 Temp. Pol. & Civ. Rts. L. Rev. 367, 374-80 (2007) (explaining that barriers to naturalization include legal status, good moral character, application fees, the complex application process, processing delays, and limited English language skills).

violence counseling after this incident.  Since June 2003, Oung has held steady employment working as a metal polish finisher in San Diego, California.  Oung's 71-year-old mother and 30-year-old sister both live in San Diego, California, and have legal status.  He married in January 2004, and is the father of a United States citizen daughter born on April 21, 2004.

Oung has maintained a clean record for the last ten years.  The record demonstrates that his wife and family benefit from his support and wish him to stay in the United States.  I write only to say that, as the facts of this case demonstrate, our immigration laws needlessly separate families, uprooting and removing individuals, such as Oung, who have successfully turned their lives around and should be given a second chance to stay and make positive contributions to our great society.  If America is anything, it is a country that gives people a second chance.