MEMORANDUM***
Mannaka Oung, a native and citizen of Cambodia (Kampuchea), petitions for review of the Board of Immigration Appeals’ (“BIA”) decision affirming the denial of his applications for withholding of removal and relief under the Convention Against Torture (“CAT”). We dismiss in part and deny in part the petition for review.
Oung was ordered removed on the basis of two convictions, including an aggravated assault causing serious bodily injury in violation of Tennessee Code § 39-13-102. He argues that the BIA erred in determining that this aggravated felony constituted a “particularly serious crime,” thereby rendering him ineligible for withholding of removal. 8 U.S.C. § 1231 (b)(3)(B)(ii). Because the BIA denied withholding of removal on account of Oung’s aggravated felony conviction, we are without jurisdiction to review the denial. 8 U.S.C. § 1252(a)(2)(C); Lemus-Galvan v. Mukasey, 518 F.3d 1081, 1083 (9th Cir.2008). We lack jurisdiction to review the BIA’s discretionary determination that Oung’s assault conviction was “particularly serious.” Anaya-Ortiz v. Holder, 594 F.3d 673, 676 (9th Cir.2010). Oung raises no constitutional claim or question of law sufficient to overcome the jurisdictional bar. See 8 U.S.C. § 1252(a)(2)(D). His petition is dismissed insofar as it challenges the denial of withholding of removal.
We have jurisdiction over the BIA’s denial of deferral of removal under CAT because relief was denied on the merits, not because of Oung’s prior convictions. Lemus-Galvan, 518 F.3d at 1083-84. To be eligible for CAT deferral, Oung must prove that he will more likely than not be tortured upon removal to Cambodia. 8 C.F.R. § 1208.17(a). Oung presented evidence that he suffered persecution and torture at the hands of the Khmer Rouge prior to emigrating in 1983. He did not provide evidence of a current risk of harm. Substantial evidence supports the BIA’s determination that conditions in Cambodia have changed significantly over the last thirty years, and that the Khmer Rouge is no longer a threat. Relief from denial of the deferral of removal is denied. See Zheng v. Ashcroft, 332 F.3d 1186, 1194 (9th Cir.2003).
We need not address Oung’s challenge to credibility findings made by the immi--gration judge. The BIA presumed Oung to be credible; we accept his testimony as true. Brezilien v. Holder, 569 F.3d 403, 411 (9th Cir.2009) (our review is limited to the BIA’s decision, except to the extent an immigration judge’s opinion is expressly adopted).
DISMISSED IN PART; DENIED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.