RIPPLE, Circuit Judge,
concurring.
I join in the judgment of the court, and its fine opinion with the exception of its jurisdictional discussion pertaining to claims for deferral of removal under the Convention Against Torture. I understand the court to take the view that, in spite of 8 U.S.C. § 1252(a)(2)(C), which bars review of final orders of removal against certain criminal aliens, this court does have jurisdiction to review claims regarding the denial of deferral of removal made by such aliens. Our jurisdiction extends, according to the majority opinion, not only to those petitions raising constitutional claims and questions of law, see id. § 1252(a)(2)(D), but also to claims by a covered alien that the Board’s determination regarding the likelihood of torture upon repatriation is not supported by substantial evidence, see Maj. op. at 969-70.
As the court acknowledges, id. at 970, this question is not squarely presented in the case before us and, therefore, need not be decided at this time. Furthermore, I find the court’s reliance on Negusie v. Holder, — U.S.-, 129 S.Ct. 1159, 173 L.Ed.2d 20 (2009), Petrov v. Gonzales, 464 F.3d 800 (7th Cir.2006), and Tunis v. Gonzales, 447 F.3d 547 (7th Cir.2006), to be a relatively thin reed upon which to base the conclusion regarding our jurisdiction that the court reaches today.
Moreover, although one of our sister circuits has indeed reached the same result on an entirely different basis, see Lemus-Galvan v. Mukasey, 518 F.3d 1081, 1083 (9th Cir.2008), the court neither discusses nor criticizes that approach. Nor does it discuss the opposing view. See Saintha v. Mukasey, 516 F.3d 243, 248-49 (4th Cir.2008) (dismissing, for lack of juris *971 diction, a petition seeking review of a decision denying deferral of removal after concluding that § 1252(a)(2)(C) applied to the deferral claim and that the exception for constitutional claims or questions of law did not apply).
I think the better course is to follow the approach of some of our other sister circuits and reserve judgment until the issue is squarely presented and fully briefed and argued before us. See De La Rosa v. Holder, 598 F.3d 103, 107 (2d Cir.2010) (noting the Ninth Circuit position but expressly declining to decide the issue because the petition only presented a question of law concerning eligibility for deferral); Cherichel v. Holder, 591 F.3d 1002, 1009, 1017 (8th Cir.2010) (noting that the jurisdiction-stripping provision generally applies to CAT claims, but deciding the case under the question of law exception without any discussion of further exemptions to the criminal alien jurisdiction-stripping provision that would preserve review of such aliens’ deferral claims).