**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRES BOLANOS,<br><br>    Petitioner,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 05-76930<br><br>Agency No. A029-182-415<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2010[**]
Pasadena, California

Before: PREGERSON and BEEZER, Circuit Judges, and CONLON, District
Judge.[***]

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

  [***] The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

Andres Bolanos petitions for review of a Board of Immigration Appeals ("BIA") decision finding him ineligible for withholding of removal under 8 U.S.C. § 1231(b)(3)(B)(ii) and denying deferral of removal under the Convention Against Torture ("CAT"). The parties are familiar with the facts of this case, which we explain here only to the extent necessary to explain our decision. We have jurisdiction to review legal or constitutional claims, including whether the BIA "failed to consider the appropriate factors or relied on improper evidence in making [a] 'particularly serious crime' determination." *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010) (internal citations omitted); 8 U.S.C. § 1252(a)(2)(D). We also have jurisdiction over "denials of deferral of removal under the CAT, which are always decisions on the merits," *Lemus-Galvan v. Mukasey*, 518 F.3d 1081, 1083 (9th Cir. 2008), and review for substantial evidence. *Id.* at 1084. We deny the petition for review.

The BIA did not rely upon improper factors in determining that Bolanos committed a "particularly serious crime." An immigration judge may rely on hearing testimony in making such a determination, even without a record of conviction. *Anaya-Ortiz*, 594 F.3d at 678-79. The BIA did address the *Frentescu* factors, including "the nature of the conviction, the circumstances and underlying facts of the conviction, [and] the type of sentence imposed." *Id.* at 679; *In re*

2

*Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982), *superseded by statute in part*, 8 U.S.C. § 1253(h) (1991). Therefore, the BIA properly denied Bolanos's application for withholding of removal.

Bolanos did not meet his burden to show that it was more likely than not that he would be tortured if he returned to El Salvador. There is no evidence of past torture. Though Bolanos's mother died from random violence, there is no evidence that Bolanos or any member of his family, some of whom also served in government forces, live under any threat of torture at the hands of guerilla fighters. Substantial evidence supports the BIA's decision to deny deferral of removal under CAT.

Accordingly, the petition for review is DENIED.