**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD ADENIRAN ADEOGBA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-73675

Agency No. A022-940-785

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Richard Adeniran Adeogba, a native and citizen of Nigeria, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for relief under the

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C § 1252

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

and *Lemus-Galvan v. Mukasey*, 518 F.3d 1081, 1082-83 (9th Cir. 2008) (this court retains jurisdiction to review a claim under CAT notwithstanding that a petitioner has been ordered removed based on an aggravated felony conviction). We review for substantial evidence the agency's adverse credibility findings, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and we review de novo constitutional due process challenges, *Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding because although Adeogba testified that he worked as a journalist in Nigeria, he had previously claimed during criminal proceedings that he was trained as a computer programmer and worked as a computer system analyst in Nigeria. This discrepancy goes to the heart of his claim because Adeogba contends that he was tortured in the past and will be subjected to torture if returned to Nigeria because of his work as a journalist opposing the government. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir. 2004) (as long as one of the identified grounds is supported by substantial evidence and goes to the heart of the claim, we are bound to accept the agency's adverse credibility finding).

Contrary to Adeogba's contention, the agency had authority to make an adverse credibility finding. *See Stewart v. United States*, 366 U.S. 1, 6 n.13 (1961)

(noting that "whenever a witness takes the stand, he necessarily puts the genuineness of his demeanor into issue," because the witness's "credibility is in issue whenever he testifies").  Also contrary to Adeogba's contention, there is no indication that the agency applied the REAL ID Act in making the adverse credibility finding.

Adeogba's removal to Nigeria will not violate CAT.  The documentary country conditions evidence does not compel the conclusion that he would be tortured by or at the acquiescence of the Nigerian government because the adverse credibility finding goes directly to the reason he contends he would be tortured. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006) (documentary evidence of human rights abuses in Yemen does not compel conclusion that petitioner is entitled to CAT relief where petitioner has been found not credible).

Adeogba's due process contention fails because the agency did not commit error in addressing his credibility.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**