

FILED

MAY 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO VALDIVIAS-HERRERA, a.k.a. Ricardo Herrera, a.k.a. Ricardo Valdivia-Herrera, a.k.a. Ricardo Vildvios-Herrera, | No. 12-71132 |
| Petitioner, | Agency No. A079-625-493 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 19, 2013**

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Ricardo Valdivias-Herrera, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") order of removal.  We review for substantial

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings and apply the standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.[1]

Because Valdivias-Herrera has not challenged the IJ's determination that he has been convicted of an aggravated felony that was a particularly serious crime, he is not eligible for asylum or withholding of removal, and his only potential avenue for relief is deferral of removal under the Convention Against Torture. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(c) & (d); *Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012); *Lemus-Galvan v. Mukasey*, 518 F.3d 1081, 1083 (9th Cir. 2008).

Valdivias-Herrera contends that the agency's adverse credibility finding was not supported by the evidence. We reject this contention. The agency's adverse credibility determination is supported by substantial evidence based on the totality of the circumstances, including the glaring inconsistencies between the statements in Valdivias-Herrera's asylum application and the statements in his testimony concerning the reasons he feared being tortured and killed. *See Shrestha*, 590 F.3d

---

[1] Because the parties are familiar with the facts and procedural history underlying this appeal, we do not recount them here.

at 1040-44, 1046-47; *see also Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir.

2011) (recognizing that alterations in basis of claim for persecution between an

asylum application and subsequent testimony support an adverse credibility

determination).

The BIA applied the correct standard when it ruled on Valdivias-Herrera's

request for deferral of removal under CAT.  Because his testimony was not credible

and there is no other evidence showing it is more likely than not he will be tortured

if returned to Mexico, his CAT claim fails.  *See* 8 U.S.C. § 1229a(c)(4)(B);

*Shrestha*, 590 F.3d at 1048-49; *Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir.

2003).

Valdivias-Herrera's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED**.