M. SMITH, Circuit Judge,
with whom CLIFTON, Circuit Judge, joins, dissenting:
I agree with Judge Gould that we lack jurisdiction to review Maldonado’s claim because his attorney is no longer in contact with him, and there is no evidence that Maldonado is presently in the United States. The only evidence in the record that Maldonado was in the United States subsequent to the date of his removal in 2009 is Maldonado’s 2010 application for a driver’s license in Palo Alto, California, and it was the government, not Maldonado’s counsel, that supplied that evidence. Even if we assume that Maldonado personally submitted such an application in 2010, that act tells us nothing definitive about whether Maldonado has remained in the United States since then. We do know for certain that petitioner’s counsel has not heard from his client in some time, and that when petitioner’s counsel recently contacted Maldonado’s immediate family seeking sworn declarations from them concerning petitioner’s location, the family refused to communicate further with him. Thus, there is simply no evidence in the record that Maldonado is currently in the United States, and counsel confirms that he has not been in contact with the peti *1167 tioner. Under the circumstances, the case is moot.
I write separately from Judge Gould because even if I agreed with the majority that Maldonado’s petition for review continues to present a justiciable controversy, which I do not, I would affirm the decision of the BIA denying Maldonado relief under the Convention Against Torture, 1465 U.N.T.S. 85 (1988) (CAT). Article 3 of CAT provides that no country shall “expel, return ... or extradite a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture.” 1465 U.N.T.S. 85 (1988). The INS’s regulations implementing CAT state that in determining “[eligibility for withholding of removal under the Convention Against Torturef,] ... [t]he burden of proof is on the applicant ... to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.” 8 C.F.R. § 1208.16(c)(2). In making that determination, the immigration judge shall consider
all evidence relevant to the possibility of future torture ... including, but not limited to: (i) Evidence of past torture inflicted upon the applicant; (ii) Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured; (iii) Evidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable; and (iv) Other relevant information regarding conditions in the country of removal.
8 C.F.R. § 1208.16(c)(3).
The petitioner is not required to prove that internal relocation is impossible; rather, that is just one factor the immigration judge must consider in assessing the likelihood of future torture. I agree with the majority that our decision in Perez-Ramirez v. Holder, 648 F.3d 953 (9th Cir.2011), must be overruled because it' improperly imported into the CAT context the burden-shifting scheme for asylum claims, which places the burden on the government to show that a previously tortured petitioner can safely relocate within the country of removal. Id. at 958. I also agree that the BIA may have interpreted language in our decision in Lemus-Galvan v. Mukasey, 518 F.3d 1081, 1084 (9th Cir.2008), as setting a standard that a petitioner must “establish that internal relocation ... [is] impossible,” although that was not the intent of our opinion. However, I do not agree that our decisions in Hasan v. Ashcroft, 380 F.3d 1114 (9th Cir.2004), Singh v. Gonzales, 439 F.3d 1100 (9th Cir.2006), and the substance of our opinion in Lemus-Galvan, conflict with the governing regulations. In overruling these precedents, the majority throws the baby out with the bath water, and reaches a conclusion that distorts the BIA’s carefully reasoned decision in Maldonado’s case.
Our decisions in Hasan, Singh, and Lemus-Galvan did not alter the burden of proof set forth in 8 C.F.R. § 1208.16(c)(3). In Hasan, we noted that “the Hasans have not presented substantial grounds for believing that they would be unable to live elsewhere in the country safely,” and placed equal emphasis on the fact that “there was no substantial evidence offered that the future persecution the Hasans would experience would rise to the level of torture.” 380 F.3d at 1123. Similarly, in Singh, we concluded that “[t]he record evidence does not compel a finding that it is more likely than not that Mr. Singh will be tortured upon returning to India.” 439 F.3d at 1113. Moreover, we noted that:
If Mr. Singh’s fear is based on the mistaken belief of police in a certain area, he would presumably be safe in another area of India where the police do not *1168 take him for a separatist. The record contains no evidence that simply being an apolitical Sikh would cause police to torture Mr. Singh if they do not believe he is a separatist.
Id. In Lemus-Galvan, the petitioner sought CAT relief, alleging that if he were returned to Mexico, he would be tortured by a drug cartel family because they “had been involved in a violent turf war with members of Lemus-Galvan’s extended family in the northern border regions of Mexico.” 518 F.3d at 1083. On appeal, we concluded:
Lemus-Galvan failed to establish that internal relocation within Mexico was impossible. See 8 C.F.R. § 208.16(c)(3)(ii); see also Hasan v. Ashcroft, 380 F.3d 1114, 1123 (9th Cir.2004). Substantial evidence .therefore supports the IJ’s decision to deny deferral of removal under the CAT. See Zheng v. Ashcroft, 332 F.3d 1186, 1194 (9th Cir.2003).
Id. at 1084. “Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured” is one of four non-exhaustive factors that the immigration judge shall consider in assessing “all evidence relevant to the possibility of future torture.” 8 C.F.R. § 1208.16(c)(3) (emphasis added). Lemus-Galvan does not stand for the proposition that the ability to relocate is dispositive of a CAT petitioner’s claim.
The BIA did not reject Maldonado’s claim solely because he failed to prove that internal relocation within Mexico was impossible. The majority overstates the issue when it says that, “[According to the BIA, Maldonado’s ‘failure] to show that internal relocation within Mexico is impossible’ constituted the very ‘circumstances’ under which the IJ' ‘properly found that the respondent failed to satisfy the requirements for eligibility for deferral of removal under [CAT].’ ” Instead, the BIA cited Maldonado’s failure to refute evidence that he could relocate to a different part of Mexico as just one factor supporting the denial of his CAT petition:
In assessing whether it is more likely than not that the respondent would be tortured in Mexico, all evidence relevant to the possibility of future torture shall be considered, including evidence of past torture inflicted upon the respondent and evidence that the respondent could relocate where torture is unlikely. See 8 C.F.R. § 208.16(c)(3)(ii).
The BIA credited Maldonado’s testimony that the police in Michoacán had previously tortured him, but concluded that Maldonado “did not show that the influence of the corrupt police officers located in Morelia extended country wide.” The BIA went on to analyze the other factors, explaining that “the 2007 Country Report indicates that the Mexican government is aggressively prosecuting those who are involved in police corruption.... Therefore, the Mexican government will provide protection to the respondent from any corrupt police officers.” The BIA determined that record evidence of other human rights violations in Mexico was not relevant to Maldonado’s CAT claim because these violations were perpetrated against members of organized drug gangs, and Maldonado does not claim to be a member of such an organization. In denying Maldonado’s petition, the BIA ultimately concluded: “Given that the respondent has not shown that the corrupt police officers could locate him anywhere in Mexico, and the Mexican government is aggressively prosecuting police corruption, the respondent has failed to show that internal relocation within Mexico is impossible.”
A CAT petitioner is not required to conclusively prove that internal relocation is impossible — but the BIA did not hold Mai- *1169 donado to such a standard here. I would dismiss this case as moot, but were I to reach the merits, I would affirm the decision of the BIA.
I respectfully dissent.