**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NIRMAL SINGH, | No. 08-70434 |
| Petitioner, | Agency No. A099-330-446 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 8, 2009
Seattle, Washington

Before: O'SCANNLAIN, KLEINFELD, and BERZON, Circuit Judges.

Nirmal Singh, a native and citizen of India, petitions this court for review of

a decision of the Board of Immigration Appeals ("BIA") denying his applications

for asylum, withholding of removal, and relief under the Convention Against

Torture ("CAT"). Singh's asylum claim is addressed in an opinion filed

concurrently with this disposition. We have jurisdiction under 8 U.S.C. § 1252.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Factual findings underlying the agency's denial of relief are reviewed for substantial evidence, *Kozulin v. INS*, 218 F.3d 1112, 1115 (9th Cir. 2000), and they are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). As the facts of the case are known to the parties, we need not repeat them here.[1]

## I

With respect to withholding of removal, the agency denied relief because the government established that Singh "could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.16(b)(1)(i)(B).

Nothing in the record compels a contrary conclusion. 8 U.S.C. § 1252(b)(4)(B). In his own testimony, Singh only expressed a fear of Punjab police, and noted several lengths of time in which he was able to reside in other portions of India without incident. The record further demonstrates that Punjabi Sikhs such as Singh are able to relocate to other parts of India. Moreover, the

---

[1] This memorandum disposition only addresses Singh's requests for withholding of removal and relief under the Convention Against Torture. We address his application for asylum in an opinion filed concurrently with this memorandum disposition.

record does not compel the conclusion that rank-and-file members of Singh's political party are subject to persecution.

## II

The agency likewise denied relief under the CAT, because the government established that Singh "could relocate to a part of the country of removal where he . . . is not likely to be tortured."  8 C.F.R. § 1208.16(c)(3)(ii).  There is no presumption of future persecution in this context: rather, "the burden is on the applicant to show that it is more likely than not that []he will be tortured, and one of the relevant considerations is the possibility of relocation."  *Hasan v. Ashcroft*, 380 F.3d 1114, 1122 (9th Cir. 2004).

Singh's assertions with respect to this claim are substantially similar to those under withholding of removal.  For all the reasons stated in the prior Part, Singh has "failed to establish that internal relocation within [India] was impossible." *Lemus-Galvan v. Mukasey*, 518 F.3d 1081, 1084 (9th Cir. 2008).  The record does not compel reversal of the BIA's denial of Singh's request for CAT relief.

## III

Accordingly, Singh's petition for review with respect to withholding of removal and relief under the CAT is

**DENIED.**