O’SCANNLAIN, Circuit Judge:
We must decide whether an immigration judge properly required corroborating evidence from an otherwise credible witness in an asylum hearing.
I
A
Nirmal Singh is an Indian citizen and former resident of that nation’s Punjab state. Singh maintains that as a result of his political activities and affiliation, he was arrested and tortured on four occasions. According to Singh, after his fourth confrontation with authorities, a police officer told him: “If you want to save your life, leave India.” Singh claims that shortly thereafter, he took the officer’s advice and fled to Canada. Singh asserts that he arrived in Canada, using a false passport, on October 10, 2004. He says he stayed there for ten days before entering the United States without inspection on October 20, 2004. In the fall of 2005, Singh filed for asylum.[1]
*985 B
On January 18, 2006, Singh was issued a Notice to Appear. At his hearing before an Immigration Judge (“IJ”), Singh conceded his removability and sought asylum, withholding of removal, and protection under the Convention Against Torture.
The IJ rejected Singh’s request for asylum as untimely filed. Though he made no adverse credibility finding, the IJ found Singh’s testimony insufficient to establish his last date of entry into the United States “by clear and convincing evidence.” In so ruling, the IJ noted that Singh had provided no documentation corroborating his claim that he entered this country on October 20, 2004.[2] Without an established date of entry, Singh could not prove that he filed his application “within 1 year after the date of [his] arrival in the United States.” 8 U.S.C. § 1158(a)(2)(B).
Singh appealed to the Board of Immigration Appeals (“BIA”), which likewise concluded that his application was time-barred because he had failed to establish his date of entry. Quoting the text of 8 U.S.C. § 1158(b)(l)(B)(ii), the BIA explained that such section “specifically provides that, in determining whether an asylum applicant has met his burden of proof, the trier of fact may require an applicant to ‘provide evidence that corroborates otherwise credible testimony.’ ” Ultimately, the BIA held that Singh’s failure to provide such evidence was fatal to his application.
Singh timely petitioned this court for review.
II
We only address the timeliness of Singh’s application in this opinion.[3] Singh contends that for various reasons, the BIA improperly concluded that he failed to meet the one-year deadline. The government counters by asserting that this court has no jurisdiction to review the BIA’s time-bar ruling, and, in the alternative, that Singh’s application was properly found to be untimely.
A
We must first assess whether we have jurisdiction to review the BIA’s timeliness determination. “Any alien who is physically present in the United States ... irrespective of such alien’s status, may apply for asylum....” 8 U.S.C. § 1158(a)(1). However, an alien can only avail himself of this provision if he “demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien’s arrival in the United States.” Id. § 1158(a)(2)(B). Section 1158(a)(3) states that “[n]o court shall have jurisdiction to review any determination of the Attorney General under [section 1158(a)(2)(B)].” Read together, these provisions appear to deprive this court of jurisdiction over determinations that an alien failed to file his application within one year of entering this country. See Hakeem v. INS, 273 F.3d 812, 815 (9th Cir.2001) (“Thus, under section 1158(a)(3), we lack jurisdiction to review the IJ’s determination that [the applicant] failed to *986 file his asylum application within one year of his arrival in the United States.”).
Nonetheless, “the Real ID act of 2005 restores [our] jurisdiction over ‘constitutional claims or questions of law.’ ” Ramadan v. Gonzales, 479 F.3d 646, 650 (9th Cir.2007) (per curiam) (quoting Fernandez-Ruiz v. Gonzales, 410 F.3d 585, 587 (9th Cir.2005)); see also 8 U.S.C. § 1252(a)(2)(D) (“Nothing in ... any other provision of this chapter ... which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.”). Legal questions include questions of statutory construction and “questions involving the application of statutes or regulations to undisputed facts, sometimes referred to as mixed questions of fact and law.” Ramadan, 479 F.3d at 650. Thus, to secure jurisdiction, we must determine whether Singh has raised a question of statutory construction or a question involving the application of a provision of law to “undisputed facts.”
Singh’s argument is legal, not factual. He claims that because his testimony was deemed credible, the agency committed a legal error by requiring corroboration. In his view, credible testimony is necessarily sufficient to meet the clear and convincing standard, and corroboration cannot be required. Because this is a legal argument about how to construe 8 U.S.C. § 1158(b)(l)(B)(ii), and not a factual argument about whether the evidence in his case proved his date of entry, we have jurisdiction to review it.[4]
B
Singh claims that the IJ had no authority to require corroborating evidence from a credible witness. If the IJ does possess such authority, we must then determine if it was properly exercised in this case.
1
In the past, “[i]t [was] well established in this circuit that the BIA may not require independent corroborative evidence from an asylum applicant who testifies credibly in support of his application.” Kataria v. INS, 232 F.3d 1107, 1113 (9th Cir.2000); see also, e.g., Singh v. Gonzales, 491 F.3d 1019, 1025 (9th Cir.2007) (same); Kaur v. Ashcroft, 379 F.3d 876, 889-90 (9th Cir.2004) (same); Ladha v. INS, 215 F.3d 889, 901 (9th Cir.2000) (“[A]n alien’s testimony, if unrefuted and credible, direct and specific, is sufficient to establish the facts testified without the need for any corroboration.”), overruled on other grounds by Abebe v. Mukasey, 554 F.3d 1203, 1208 (9th Cir.2009) (en banc).
With respect to asylum applications filed after May 11, 2005,[5] however, this is no longer true. As we have previously held in Aden v. Holder, “Congress abrogated these holdings in the REAL ID Act of 2005.” 589 F.3d 1040, 1044(9th Cir.2009). It is still true that credible testimony can, in some circumstances, sustain the *987 applicant’s burden of proof. See 8 U.S.C. § 1158(b)(l)(B)(ii) (“[T]he testimony of the applicant may be sufficient to sustain the applicant’s burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant’s testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee.”). But the Act further provides that “[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.” Id. Thus, credible testimony may be sufficient to satisfy the applicant’s burden of proof, but the Act also enables the trier of fact to require something more. Uncorroborated testimony is sufficient only if “(1) the applicant’s testimony is credible; (2) the applicant’s testimony is persuasive; and (3) the applicant’s testimony refers to facts sufficient to demonstrate refugee status. Credible testimony is not by itself enough.” Aden, 589 F.3d at 1044. To the extent our prior decisions hold to the contrary, they are superseded by the REAL ID Act. Id.
Thus, in the case at hand, Singh is correct that insofar as the IJ made no adverse credibility finding, we must credit him as truthful. See Kataria, 232 F.3d at 1113. We need not accept all facts to which he testifies as true, however. Aden, 589 F.3d at 1045. After the REAL ID Act, “the IJ may, in determining whether it satisfies the applicant’s burden of proof, ‘weigh the credible testimony along with other evidence of record.’ ” Id. at 1044(quoting 8 U.S.C. § 1158(b)(l)(B)(ii)). “Congress has installed a bias toward corroboration in the statute to provide greater reliability.” Id. at 1045. Thus, we must conclude that the IJ possessed the authority to require corroborating evidence.
2
Our conclusion that the IJ may require corroborating evidence despite credible testimony does not end the matter, however. Singh contends that because he “could not reasonably be expected to provide proof of when he entered the United States .... [t]he BIA and the IJ committed error in [their] application of the REAL ID Act as it pertains to [him].” As we conclude that the IJ properly demanded corroborating evidence despite Singh’s otherwise credible testimony, we reject Singh’s contention.
We note at the outset that we do not write on a clean slate as we interpret section 1158(b)(l)(B)(ii). The BIA has interpreted this section as codifying its preexisting corroboration requirements. See In re J-Y-C-, 24 I & N Dec. 260, 263 (B.I.A.2007). “When reviewing an agency’s interpretation of its governing statute, we follow the two-step framework famously set forth in Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).” Marmolejo-Campos v. Holder, 558 F.3d 903, 908(9th Cir.2009) (en banc). Precedential BIA decisions interpreting the Immigration and Nationality Act fall under this rubric. Id. at 908-09 (citing United States v. Mead Corp., 533 U.S. 218, 233, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001)); see also Ramos-Lopez v. Holder, 563 F.3d 855, 858-59 (9th Cir.2009) (“Generally, we accord Chevron deference where there is binding agency precedent on-point (either in the form of a regulation or a published BIA case).” (internal quotation marks, alternation, and citation omitted)).[6]
*988 We thus consider “whether Congress has directly spoken to the precise question at issue.” Chevron, 467 U.S. at 842, 104 S.Ct. 2778. “If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.” Id. at 842-43, 104 S.Ct. 2778. If the statutory provision at issue “is ‘silent or ambiguous,’ however, we may not supply the interpretation of the statute we think best ..., but must limit ourselves to asking ‘whether the agency’s answer is based on a permissible construction of the statute.’ ” Marmolejo-Campos, 558 F.3d at 908(quoting Chevron, 467 U.S. at 843, 104 S.Ct. 2778).
With section 1158(b)(l)(B)(ii), Congress has expressly empowered the IJ to require corroborating evidence even when the applicant has provided otherwise credible testimony. Should the applicant fail to offer corroboration, the IJ may conclude that despite the applicant’s credible testimony, he has failed to meet his burden of demonstrating that he is entitled to asylum relief. Accordingly, the IJ’s conclusion that Singh’s uncorroborated testimony was insufficient to carry his burden to prove his date of entry was proper.
Our dissenting colleague contends that the IJ erred by failing to give Singh notice that his testimony required corroboration before concluding that he had failed to meet this burden. According to the dissent, section 1158(b)(1)(B)(ii) mandates a three-step process.[7] Dissent at 5748-49. In the first step, an IJ must determine whether an applicant’s uncorroborated testimony is insufficient to carry his burden. In the second step, the IJ must identify the portions of the applicant’s testimony that require corroboration. In the third step, the IJ must give the applicant an opportunity to provide that corroboration or an explanation for its absence. This interpretation is belied by the statute’s text, which omits any reference to such a procedure. As we explained in Aden v. Holder, by enacting section 1158(b)(l)(B)(ii), Congress has made immigration litigation more like other litigation, where parties with the burden of proof ordinarily provide whatever corroboration they have when presenting their case in chief. 589 F.3d at 1045. Thus, just as a plaintiff in a car accident case provides the body shop invoice and his medical records to corroborate his damages claims, an applicant in an asylum case is now expected to provide evidence corroborating the factual assertions underlying his claim for relief. See id. Thus, while the statute permits an IJ to give an applicant notice that his testimony requires corroboration, it does not require that he do so. See Rapheal v. Mukasey, 533 F.3d 521, 530 (7th Cir.2008). We accordingly reject the dissent’s interpretation.
*989 Moreover, we are not at liberty simply to impose the dissent’s interpretation of the statute on the BIA. Even if the statute were ambiguous, we would only need to determine “whether the agency’s [interpretation] is based on a permissible construction of the statute.” Chevron, 467 U.S. at 843, 104 S.Ct. 2778. Because the BIA has exercised its authority to interpret section 1158(b)(l)(B)(ii), its decision “governs if it is a reasonable interpretation of the statute — not necessarily the only possible interpretation, nor even the interpretation deemed most reasonable by the courts.” Entergy Corp. v. Riverkeeper, Inc., — U.S. -, 129 S.Ct. 1498, 1505, 173 L.Ed.2d 369 (2009).
The BIA has held that by “adding the provisions regarding corroboration, Congress intended to codify the BIA’s corroboration standards” contained in In re S-M-J-. In re J-Y-C- 24 I. & N. Dec. at 263(internal quotation marks, alterations, and citation omitted); see also Rapheal, 533 F.3d at 527 (concluding that the REAL ID Act “codified” the corroboration rale of In re S-M-J-).[8] These standards state that “where it is reasonable to expect corroborating evidence,” the applicant should provide either the evidence “or an explanation of why she did not provide [it].” In re S-M-J- 21 I. & N. Dec. 722, 725 (B.I.A.1997). Therefore, ‘“an asylum applicant should provide documentary support for material facts which are central to his or her claim and easily subject to verification .... The absence of such corroborating evidence can lead to a finding that an applicant has failed to meet [his] burden of proof.’ ” In re J-Y-C-, 24 I. & N. Dec. at 263 (alterations in original) (quoting In re S-M-J-, 21 I. & N. Dec. at 725-26). As this “is certainly a plausible interpretation of the statute,” Entergy Corp., 129 S.Ct. at 1505, it is entitled to deference.
Accordingly, where it is reasonable to expect an applicant to provide documentary support for material facts which are central to his claim and easily subject to verification, the applicant should provide either the evidence or an explanation of why she did not provide it. See In re J-Y-C-, 24 I. & N. Dec. at 263 (citing In re S-M-J-, 21 I. & N. Dec. at 725-26); see also Balachandran v. Holder, 566 F.3d 269, 273(1st Cir.2009) (“[I]t was reasonable to expect [the applicant] to secure corroboration from his family in Canada.”); Krishnapillai v. Holder, 563 F.3d 606, 619 (7th Cir.2009) (“[There was] no error in the Immigration Judge’s expectation that[the applicant] produce additional evidence to corroborate his account of past persecution .... It was not unreasonable for the judge to look for corroboration from [the applicant’s] wife in particular....”); Sandie v. Att’y Gen., 562 F.3d 246, 252 (3d Cir.2009) (“[A]n applicant for asylum must provide reliable evidence to corroborate testimony when it is reasonable to expect corroborating evidence and there is no satisfactory explanation for its absence. It is reasonable to expect corroboration for testimony that is central to an applicant’s claim and easily subject to verification.” (citation omitted)); Khan v. Mukasey, 541 F.3d 55, 58 (1st Cir.2008) (“Where the alien’s testimony is not itself compelling the absence of easily obtainable corroborating documentation can be the final straw. The BIA correctly recognized that a lack of corroborating evidence could be *990 fatal to [the applicant’s] case.” (internal quotation marks and citation omitted)).
As we explained above, this does not mean asylum applicants must provide corroborating evidence to carry their burden of proof: credible testimony alone may still suffice. See Aden, 589 F.3d at 1044. However, as the IJ maintains “substantial leeway” to require corroboration — the absence of which “ ‘can lead to a finding that an applicant has failed to meet [his] burden of proof ” — applicants are well advised to provide it. See In re J-Y-C- 24 I. & N. Dec. at 263(quoting In re S-M-J-, 21 I. & N. Dec. at 725-26); see also Aden, 589 F.3d at 1044-45. We also stress that corroboration may only be required where “it is reasonable to expect” such evidence. Aden, 589 F.3d at 1044-45. IJs are not to place unreasonable demands on an asylum applicant.[9] Id.
Turning to the case at hand, we have little difficulty concluding that because an essential element of all asylum claims is that they be “filed within 1 year” of the alien’s arrival in the United States, 8 U.S.C. § 1158(a)(2)(B), an applicant’s date of entry is a “ ‘material’ ” fact “ ‘central’ ” to his claim, In re J-Y-C-, 24 I. & N. Dec. at 263(quoting In re S-M-J-, 21 I. & N. Dec. at 725-26). This is the sort of fact which is “ ‘easily subject to verification,’ ” whether by some form of official documentation or by supporting documents of a more informal variety, i.e., affidavits or letters from family, friends, or traveling companions. Id. Travelers typically accumulate paper as they move, such as receipts from gas stations, motels, and restaurants, and often take snapshots providing dating information, and reaching a refuge from persecution might well generate a particular desire to preserve souvenirs of arrival. Accordingly, it is eminently “reasonable to expect” an applicant to provide some corroborating evidence of his date of entry. In re S-M-J-, 21 I. & N. Dec. at 725.
This is especially true in the case at hand, where Singh was explicitly informed by an immigration officer that he had failed to establish his date of entry and that his lack of corroborating documents contributed to that failure. The need for adequate documentation was further emphasized by the IJ at an initial hearing, when he advised Singh’s counsel “to bring whatever documents in the original form that he has to court with him.” [10] Yet in response to queries from opposing counsel during his testimony before the IJ, Singh admitted to having no documents to corroborate his claim that he entered this country on October 20, 2004.[11] Singh made the same admission to this court.
In any case, “the REAL ID Act clearly states that corroborative evidence may be required, placing immigrants on notice of the consequences for failing to provide eor *991 roborative evidence.” Rapheal v. Mukasey, 533 F.3d 521, 530(7th Cir.2008).
To hold that a petitioner must receive additional notice from the IJ and then an additional opportunity to provide corroborative evidence before an adverse ruling, would necessitate two hearings— the first to decide whether such corroborating evidence is required and then another hearing after a recess to allow the alien more time to collect such evidence.
Id. We agree with the Seventh Circuit that “[t]his would add to the already overburdened resources of the [Department of Homeland Security], and such an approach would seem imprudent where the law clearly notifies aliens of the importance of corroborative evidence.” Id.
As Singh admitted that he had no documents to corroborate his date of entry, it was his burden to provide “an explanation of why [ ]he did not provide such ... evidence.” In re S-M-J-, 21 I. & N. Dec. at 725; see also id. at 730 (“Further, the applicant has not provided any explanation for the lack of information on these issues.”).[12] Aside from his bald assertion that he “could not reasonably be expected to provide proof of when he entered the United States,” however, the record is devoid of any indication from Singh as to why he was unable to corroborate such a basic fact. Contrary to his contention, “[t]here is nothing in the nature of [Singh’s] claims that would compel us to find that corroborating evidence was unavailable to him.” Eke v. Mukasey, 512 F.3d 372, 381 (7th Cir.2008); Chhay v. Mukasey, 540 F.3d 1, 7 (1st Cir.2008) (“Nothing offered by the petitioner compels us to conclude that ... she could not readily have obtained some corroborating evidence as to her claimed party membership.”); cf. 8 U.S.C. § 1252(b)(4) (“No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence ... unless the court finds ... that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.”). Establishing one’s date of entry does not require, for example, “corroboration from [a] persecutor,” In re S-M-J-, 21 I. & N. Dec. at 725, or documentation from an unfriendly government, of., Khan, 541 F.3d at 58. As we discussed above, various “different kinds of materials might have served as corroborating evidence” of Singh’s date of entry; “it was [his] failure to present” such material or an explanation for its absence “that undermined his case in the IJ’s eyes.” Eke, 512 F.3d at 381.
Without either corroborating evidence of Singh’s date of entry or an explanation for this deficiency, we have no choice but to conclude that the IJ did not err in barring Singh’s application as untimely.[13]
*992 III
Accordingly, Singh’s petition for review with respect to his asylum claim is
DENIED.

. Singh contends that he filed for asylum on October 13, 2005, within one year from his alleged date of entry into this country (October 20, 2004). He submits his asylum application as proof, noting that the time stamp on the application reads October 13, 2005. That date, however, is crossed out by hand, and a date of November 14, 2005, is stamped next to it. Singh claims this indicates that when he first submitted the application, it contained a defect which had to be remedied. According to Singh, November 14 is the date he resubmitted the application after correcting the error.

. The IJ also based his time-bar ruling on the date stamp issue, see supra note 1, concluding that Singh’s asylum application was filed on November 14, 2005. Thus, even if Singh had established his date of entry as October 20, 2004, his application would still be untimely. However, the Board of Immigration Appeals affirmed the IJ on the ground that Singh failed to corroborate his arrival date. In reviewing this petition, "we consider only the grounds relied upon” by the BIA. See Andia v. Ashcroft, 359 F.3d 1181, 1184 (9th Cir.2004) (per curiam).

. Singh’s request for withholding of removal and relief under the Convention Against Torture is addressed in a memorandum disposition filed concurrently with this opinion.

. The government asserts that we lack jurisdiction because Singh’s date of entry is not an “undisputed” fact. If Singh's challenge involved a mixed question of law and fact, such arguments would be persuasive. See Ramadan, 479 F.3d at 650(explaining that mixed questions of law and fact involve "the application of statutes or regulations to undisputed facts”). We conclude, however, that insofar as Singh claims the agency employed the wrong burden of proof by requiring corroboration, he raises a "pure” question of law.

. REAL ID Act of 2005, Pub.L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305; Oyekunle v. Gonzales, 498 F.3d 715, 717 (7th Cir.2007) ("For aliens who applied for asylum after May 11, 2005[, the REAL ID Act] in effect codifies the [corroboration] rule....”).

. The BIA decided the case at hand in an unpublished order. However, it relied upon its interpretation of section 1158(b)( 1 )(B)(ii) as detailed in In re J-Y-C-, 24 I. & N. Dec. 260 (B.I.A.2007). "[W]e apply Chevron deference regardless of whether the order under *988 review is the precedential decision itself or a subsequent unpublished order that relies upon it." Marmolejo-Campos, 558 F.3d at 911.

. In addition, the dissent asks us to bifurcate another part of the IJ’s analysis. Although section 1158(b)(l)(B)(ii) provides the standard under which an IJ assesses an asylum applicant's credibility, the dissent argues that the IJ should have evaluated the credibility of Singh's claim that he filed his asylum application within a year of entering the United States under 8 U.S.C. § 1229a(c)(4)(B). Dissent at 992-93. We disagree. Under the dissent’s approach, which was neither raised nor briefed by the parties, an IJ would be forced to assess an asylum applicant's credibility with respect to threshold matters (such as his date of entry) under section 1229a(c)(4)(B) and assess his credibility with respect to substantive matters (such as his well-founded fear of persecution) under section 1158(b)(l)(B)(ii). We see no evidence that the REAL ID Act bifurcates an IJ’s credibility determination in this way, and accordingly reject this interpretation.

. The BIA relied heavily on legislative history to reach this result. See In re J-Y-C-, 24 I. & N. Dec. at 263(citing H.R.Rep. No. 109-72, at 165-66, U.S.Code Cong & Admin.News (2005), p. 240 (Conf.Rep.)). The conference report cited by the agency quotes extensively from In re S —M—J—, and expresses the desire that "the standards in Matter of S—M—J— ... will guide the BIA and the courts in interpreting” section 1158(b)(l)(B)(ii). See H.R.Rep. No. 109-72, at 166, U.S.Code Cong & Admin.News (2005), p. 240.

. Although Singh himself raises no constitutional arguments, the dissent claims that the BIA's interpretation of the statute raises Fifth Amendment concerns. Dissent at 996-97. Although we have previously expressed due process concerns when an IJ demanded corroborating evidence but did not provide an asylum applicant with an opportunity to produce that evidence, see Marcos v. Gonzales, 410 F.3d 1112, 1118 n. 6 (9th Cir.2005), we do not believe those concerns are implicated here. The statute provides an asylum applicant with sufficient notice that an IJ may require corroboration of his testimony even if he is credible.

. This statement was immediately preceded by a reference to the "one year bar.” A fuller understanding of the context is obscured by an "(Indiscernible)” notation in the record.

. Singh initially claimed to have a letter corroborating his date of entry. That letter says nothing about when he entered the United States; it only indicates that he stayed at a particular temple in India in August 2004.

. We note that the Third Circuit has cited its own decision in Abdulai v. Ashcroft, 239 F.3d 542 (3d Cir.2001) (interpreting In re S — M—J—), to require the IJ to give the applicant notice of what aspects of his testimony require corroboration and the opportunity to explain the absence of such evidence. See, e.g., Sandie, 562 F.3d at 253. Such requirements are in tension with the fact that Congress has placed the burden of proof on the applicant in asylum proceedings. 8 U.S.C. § 1158(b)(1)(B). Moreover, neither In re S—M—J— nor Abdulai contain language to that effect. The requirements of In re S—M—J— have been described above. See supra pp. 989-91. Abdulai only states that when handing down its opinion, the BIA must identify, for purposes of judicial review, the particular “aspects of [the applicant’s] testimony it would have been reasonable to expect him to have corroborated.” 239 F.3d at 554.

. We note that nothing prevents an applicant from requesting “a continuance to obtain the [corroborating] materials” or “movfing] to reopen the record to supply corroboration.” Chhay, 540 F.3d at 7 n. 2. Singh did neither.