**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PURUSHOTTAM POUDEL, | No. 11-70265 |
| Petitioner, | Agency No. A099-446-763 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 21, 2014
San Francisco, California

Before: GOULD and WATFORD, Circuit Judges, and OLIVER, Chief District
Judge.[**]

Purushottam Poudel ("Poudel"), a native and citizen of Nepal, petitions for

review of a final order of the Board of Immigration Appeals ("BIA") affirming the

denial of his applications for asylum, withholding of removal, and protection under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

the Convention Against Torture ("CAT").  Poudel contends that he faced past

persecution from Maoists in Nepal due to his social group and political opinion,

and that consequently he has a well founded fear of facing future persecution if he

is removed to Nepal.[1]  We have jurisdiction under 8 U.S.C. § 1252(a).  We deny

the petition.

# I

Poudel's contention that the immigration judge erred in finding that he did

not provide sufficient corroborating evidence to support his claims is not properly

before us.  The BIA resolved Poudel's claims on the merits, concluding that he did

not establish either past persecution or a well founded fear of future persecution.

We read the BIA's statement that it "need not address" Poudel's argument

regarding corroboration to suggest that Poudel would not be entitled to relief even

if he had provided all the corroborating evidence that the immigration judge

apparently would have appreciated.

To the extent Poudel argues that the immigration judge's neither advising

Poudel of the need to provide corroborating evidence nor explaining which facts

---

[1]     The parties are familiar with the facts of this case, so we will not
recount them here, except as necessary to explain our decision.

2

required corroboration constituted a due process violation, we reject the claim.[2] Because, as discussed above, the BIA's decision was not based on the lack of corroboration, Poudel has not shown prejudice—that the outcome of the proceedings may have been affected by the alleged violation. *See Dent v. Holder*, 627 F.3d 365, 373 (9th Cir. 2010).

## II

Substantial evidence supports the BIA's determination that Poudel did not face past persecution and that he does not have a well founded fear of future persecution. A single unfulfilled threat, after which Poudel was able to live unmolested in Nepal for four months, even though he moved to a new home, is not sufficiently extreme to rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000); *see also Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (2003) (noting significance of fact that petitioner was never physically harmed in concluding that petitioner had not faced past persecution).

---

[2] We note, however, that the BIA's rejection of Poudel's due process challenge relies on a decision of our circuit that is no longer good law. *See Singh v. Holder*, 602 F.3d 982, 988 (9th Cir. 2010), *vacated on grant of reh'g en banc*, 623 F.3d 633 (9th Cir. 2010). Sitting en banc, we granted a petition for review of a BIA decision regarding whether corroborating evidence that an application for asylum had been timely filed could be required, whereas the panel opinion upon which the BIA relied in the present case had denied the petition. *See Singh v. Holder*, 649 F.3d 1161, 1162–63 (9th Cir. 2011) (en banc).

The BIA determined that Poudel does not have a well founded fear of future persecution, and the record does not compel a contrary conclusion. The death threat, though it did not constitute past persecution, is relevant to the likelihood of future persecution. *Id.* But as the BIA stated, Poudel's wife and children have been able to live normal lives unharmed and free of fear in another part of the country. *Cf. Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) (holding that a Nepalese citizen's fear of future persecution by Maoists was diminished where similarly situated family members continued to live there unharmed). Poudel's brother, also a business owner, was detained and held by Maoists and "mentally tortured" for a day and a half. But he was released unharmed and has continued to live a normal life in Nepal without fear of harm. The record as a whole does not compel the conclusion that the BIA erred in its conclusion that Poudel did not establish a reasonable fear of future persecution.

Because Poudel does not qualify for asylum, he necessarily does not meet the higher burden required for withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

The immigration judge's denial of Poudel's CAT claim is not before us because Poudel did not challenge that denial before the BIA and did not raise the

4

issue in briefing before us. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004); *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003).

**PETITION DENIED.**