**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 20 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PURUSHOTTAM POUDEL, | No. 15-71756 |
| Petitioner, | Agency No. A099-446-763 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022**

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Purushottam Poudel, a native and citizen of Nepal, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

proceedings.

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petition for review.

We previously denied Poudel's petition for review of the agency's decision that he was not eligible for asylum, withholding of removal, or protection under the Convention Against Torture. *Poudel v. Holder*, 592 F. App'x 555 (9th Cir. 2014) (unpublished). We now conclude that the BIA did not abuse its discretion by denying Poudel's motion to reopen. As the BIA determined, Poudel did not introduce new evidence that would likely have changed the outcome of his case, and no exception to the filing deadline for his motion to reopen otherwise applies. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3); *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (observing that petitioners who "seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case" (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992))).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**