**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN MANUEL COLINDRES-
COMELLI,

               Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 08-73571

Agency No. A072-295-405

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN and N.R. SMITH, Circuit Judges.

    Juan Manuel Colindres-Comelli, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying deferral of removal under

the Convention Against Torture ("CAT"). Our jurisdiction is governed by

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence, *Lemus-Galvan v. Mukasey*, 518 F.3d 1081, 1084 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of deferral of removal on the ground that Colindres-Comelli did not establish it is more likely than not he would be tortured if returned to Guatemala by or at the instigation of, or with the consent or acquiescence of a public official or other person acting in official capacity. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a); *see also Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

We decline to consider Colindres-Comelli's contentions concerning the BIA's denial of his motion to reconsider because the court previously rejected them in *Colindres-Comelli v. Holder*, No. 09-72963 (9th Cir. Jan. 21, 2010). *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (under the "law of the case doctrine," one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

Finally, we lack jurisdiction to review Colindres-Comelli's contention that he qualifies for humanitarian asylum because he failed to exhaust this claim before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**