Quijano Melgar v. Holder

BIA
Sagerman, IJ
A095 041 943

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of August, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> > *Circuit Judges*.

_____

BORIS EDUARDO QUIJANO MELGAR,
> *Petitioner*,

v.                                                    **12-950**
                                                      **NAC**

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:            Linda Kenepaske, New York, NY.

FOR RESPONDENT:            Stuart F. Delery, Acting Assistant Attorney General; Stephen J. Flynn, Assistant Director; James A. Hurley, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Boris Eduardo Quijano Melgar, a native and citizen of El Salvador, seeks review of a February 10, 2012 order of the BIA affirming the September 19, 2011 decision of Immigration Judge ("IJ") Roger F. Sagerman, denying, *inter alia*, his application for relief under the Convention Against Torture ("CAT"). *In re Boris Eduardo Quijano Melgar*, No. A095 041 943 (B.I.A. Feb. 10, 2012), *aff'g* No. A095 041 943 (Immig. Ct. New York, Sept. 19, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [INA] section 212(a)(2)," 8 U.S.C. § 1252(a)(2)(C), which includes crimes involving moral turpitude. Notwithstanding that provision, we retain jurisdiction to review petitions raising "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), to the extent that such claims are not "so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction," *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008) (citations omitted).

2

Although we have repeatedly assumed that § 1252(a)(2)(C)'s jurisdictional bar applies to claims of deferral of removal under the CAT, *see*, *e.g.*, *Savchuk v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008); *Pierre v. Gonzales*, 502 F.3d 109, 113 (2d Cir. 2007); *Maiwand v. Gonzales*, 501 F.3d 101, 105 (2d Cir. 2007), we have never expressly so held, *see De La Rosa v. Holder*, 598 F.3d 103, 107 (2d Cir. 2010), and two of our sister circuits have held to the contrary, *see Wanjiru v. Holder*, 705 F.3d 258, 263 (7th Cir. 2013); *Lenus-Galvan v. Mukasey*, 518 F.3d 1081, 1084 (9th Cir. 2008). We need not resolve that jurisdictional issue, for we may exercise hypothetical jurisdiction where, as here, the jurisdictional issues goes to statutory and not constitutional jurisdiction, and where it is plain that the petitioner's objections to the agency's findings are meritless. *See Ivanishvili v. United States Dept' of Justice*, 433 F.3d 332, 338 n.2 (2d Cir. 2006); *see also* 8 C.F.R. § 1208.17; *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.2d 156, 159 (2d Cir. 2005).

CAT relief is only available where government officials perform the anticipated torture or "know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). Here, the agency concluded that any harm Quijano Melgar might suffer at the hands of Salvadoran gang members would not occur with the knowledge or willful blindness of the government. Although the Salvadoran government may not be entirely effective in controlling gang violence, the agency's conclusion that the government would not be willfully blind to harm caused by gang members is supported by substantial evidence

3

showing government efforts to target gang members and prevent gang violence, including laws criminalizing membership in gangs. The agency's finding that Quijano Melgar did not demonstrate that either the government or paramilitary groups indiscriminately harm suspected gang members or individuals with tattoos, or that any harm inflicted upon suspected gang members by the government would constitute torture, is also supported by substantial evidence. It was within the agency's discretion to give more weight to U.S. State Department reports than to the testimony of petitioner's expert witness on Salvadoran gangs, which was based almost entirely on anecdotal material. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 138 (2d Cir. 2012).

Quijano Melgar also argues that the agency erred in concluding that he had not shown it was more likely than not that he would be tortured in El Salvador because it failed to consider his risk of torture in the aggregate. That argument is meritless, as the BIA merely summarized the factual findings of the IJ, who explicitly considered "the totality of the documentary evidence of record," and reasonably concluded that: (1) the evidence did not show that the Salvadoran government engaged in torture of tattooed individuals; (2) paramilitary groups were not engaged in extrajudicial torture or killings generally; and (3) to the extent Quijano Melgar might be tortured by gang members, it would not be with the acquiescence of the government.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk