**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 09 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| AHMED ZZIZINGA MUYINGO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-72200<br><br>Agency No. A070-367-287<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Ahmed Zzizinga Muyingo, a native and citizen of Uganda, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his fourth

motion to reopen proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252.

We review for an abuse of discretion the BIA's denial of the motion to reopen, *see*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and we deny the petition for review.

Muyingo contends that the agency wrongly ordered him deported before there was a final judgment in his state criminal case and also contends that his conviction for violating Oregon Revised Statute § 163.411 is not an aggravated felony conviction. Muyingo's petition for review of these legal issues is untimely, and we therefore lack jurisdiction to consider these issues. *See* 8 U.S.C. § 1252(b)(1); *Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005) (en banc).

To the extent that Muyingo contends that the BIA abused its discretion by failing to exercise its authority to sua sponte reopen his case, we lack jurisdiction to consider that issue as well. *See Minasyan v. Mukasey*, 553 F.3d 1224, 1229 (9th Cir. 2009) (recognizing that this court does not have jurisdiction to review an alien's claim that the BIA should have exercised its sua sponte power to reopen); *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

The BIA's denial of Muyingo's motion to reopen for purposes of applying for deferral of removal under the Convention Against Torture was on the merits. We therefore have jurisdiction to consider Muyingo's contention that the BIA should have reopened proceedings to allow him to pursue deferral of removal. *See Alphonsus v. Holder*, 705 F.3d 1031, 1036-37 (9th Cir. 2013); *Haile v. Holder*, 658

2

F.3d 1122, 1130 (9th Cir. 2011); *Lemus-Galvan v. Mukasey*, 518 F.3d 1081, 1084 (9th Cir. 2008).  The BIA did not abuse its discretion in denying Muyingo's motion to reopen as untimely and number-barred because it was his fourth motion to reopen and filed more than 90 days after the BIA issued its final order, and Muyingo failed to present the material evidence of changed circumstances in Uganda that was required to qualify for the regulatory exception to the time and numerical limits for filing motions to reopen.  *See* 8 C.F.R. § 1003.2(c)(2), 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) (holding that the critical question is whether circumstances in country have changed sufficiently so that the petitioner now has a legitimate claim).

We do not consider issues raised for the first time in Muyingo's reply brief. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED**.