**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REGOR CADAG AGUILAR, | No. 12-72174 |
| Petitioner, | Agency No. A098-824-919 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2015[**]
San Francisco, California

Before: REINHARDT and HAWKINS, Circuit Judges and MOLLOY,[***] Senior
District Judge.

Regor Aguilar, a citizen of the Philippines, petitions this court for review of

a Board of Immigration Appeals ("BIA") decision denying Aguilar's, and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Donald W. Molloy, Senior District Judge for the U.S.
District Court for the District of Montana, sitting by designation.

derivatively his wife Maria's, applications for asylum, withholding of removal, and deferral of removal under the Convention Against Torture ("CAT"). The BIA found that Aguilar was ineligible for asylum and withholding of removal based on his past participation in persecution in the Philippines, and denied his application for deferral of removal because he failed to demonstrate that it is "more likely than not" he will be tortured upon return. We review these findings for substantial evidence, *see Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), and we affirm.

1. A non-citizen is barred from asylum relief and withholding of removal if he "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1158(b)(2)(A)(i) (asylum), 1231(b)(3)(B)(i) (withholding of removal). It is not necessary for a petitioner to be the actual "trigger-pull[er]" for the persecutor bar to apply. *Miranda Alvarado v. Gonzales*, 449 F.3d 915, 927 (9th Cir. 2006). Rather, a "continuum of conduct" can amount to persecution. *Id.* at 926 (quoting *Federenko v. United States,* 449 U.S. 490, 512 n.34 (1981)). Courts must consider the totality of the circumstances to establish "individual accountability" in the persecution. *See id.* at 930; *Vukmirovic v. Ashcroft*, 362 F.3d 1247, 1252 (9th Cir. 2004). In evaluating the

2

circumstances, we consider "the degree of relation [the non-citizen's] acts had to the persecution itself," whether the non-citizen acted in self-defense, the length of time over which the non-citizen was involved in the acts, and whether threats were used to compel assistance. *Miranda Alvarado*, 449 F.3d at 928-29.

The finding that Aguilar participated in persecution is supported by substantial evidence. Aguilar testified that he worked from 1998 to 2001 as a surveillance agent for a law enforcement task force in the Philippines that frequently targeted rival political figures—including, at various times, the President, Vice President, members of the Philippine Congress, and members of the press. Aguilar maintains that he did not know the extent of the task force's illegal activities while working for it, but this contention is belied by his own testimony before the Immigration Judge. Aguilar testified that he knew, as early as 1998, that one of the targets of his surveillance disappeared and is presumed dead. He further testified that his superiors informed him that other members of the task force relied on his surveillance to abduct and murder another political figure in 2000. On at least two occasions Aguilar also heard his superiors order task force members to torture someone whom the task force had abducted. This level of

knowledge and participation establishes the degree of "individual accountability" required to affirm the BIA's determination.[1]

2. Under CAT, even those non-citizens ineligible for asylum and withholding of removal qualify for deferral of removal if they establish a "likelihood of torture upon return." *Lemus-Galvan v. Mukasey*, 518 F.3d 1081, 1083 (9th Cir. 2008). Both mistreatment by the foreign government itself and mistreatment at the hands of private individuals acting with governmental "acquiescence" constitute torture. *Azanor v. Ashcroft*, 364 F.3d 1013, 1020 (9th Cir. 2004).

Substantial evidence supports the BIA's denial of Aguilar's deferral of removal claim. First, Aguilar conceded during his testimony that he was never mistreated or threatened by the Philippine government before or after the termination of his employment. Aguilar has received what he considers to be three threats since he moved to the United States, but he admits that none of those threats

---

[1] Aguilar also argues that he worked for the task force under duress. The government maintains that Aguilar has failed to exhaust this argument before the BIA. *See Rendon v. Mukasey*, 520 F.3d 967, 972 (9th Cir. 2008). We need not decide whether the argument is exhausted, however, because the record does not support a finding of duress. Aguilar's decision to flee the Philippines *after* a new presidential administration disbanded the task force (and initiated an investigation into its activities) does not show that he served under duress during his three years of working for the organization.

(the last of which occurred in 2004) can be linked to Philippine officials. Second, Aguilar failed to demonstrate that the Philippine government would acquiesce to private violence directed at him. That the Philippine government has not accepted Aguilar's offers to testify in exchange for protection, does not establish that it would knowingly acquiesce to any harm that might befall him upon his return. *See Garcia-Milian*, 755 F.3d at 1034 (defining government acquiescence as (1) "hav[ing] awareness of the activity (or consciously clos[ing] their eyes to the fact it is going on); and (2) breach[ing] their legal responsibility to intervene to prevent the activity because they are unable or unwilling to oppose it").

**PETITION DENIED.**