**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICARDO ROBERTO GONZALEZ
CAMACENA,

        Petitioner,

v.

MERRICK GARLAND, Attorney
General,

        Respondent.

No.    18-72250

Agency No. A090-780-522

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021[**]
San Francisco, California

Before: BERZON, MURGUIA, and CHRISTEN, Circuit Judges.

    Ricardo Gonzalez Camacena, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' decision dismissing his appeal from

an Immigration Judge's (IJ) order denying withholding of removal pursuant to 8

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1231(b)(3) and withholding and deferral of removal pursuant to the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we dismiss the petition in part, and deny it part.[1]

1.      The IJ determined as a matter of discretion that Camacena's conviction for conspiracy to commit alien smuggling in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) was a particularly serious crime, *id.* § 1231(b)(3)(B). An alien is ineligible for statutory withholding of removal if "the alien, having been convicted by a final judgment of a particularly serious crime is a danger to the community of the United States." *Id.* § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2) (ineligibility for withholding of removal pursuant to CAT).

But the IJ also determined that Camacena's conviction was an aggravated felony and Camacena does not challenge that ruling. Pursuant to 8 § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed [among other crimes, an aggravated felony]." There are two exceptions to the jurisdiction-stripping provision of § 1252(a)(2)(C). First, pursuant to 8 U.S.C. § 1252(a)(2)(D), we retain jurisdiction to review questions of law and

---

[1]      The parties are familiar with the facts, so we recite only those necessary to decide the petition.

constitutional challenges. Second, we have jurisdiction if the immigration court denied relief on the merits of the claim to withholding. *See Lemus-Galvan v. Mukasey*, 518 F.3d 1081, 1083 (9th Cir. 2008), *overruled on other grounds*, *Maldonado v. Lynch*, 786 F.3d 1155 (9th Cir. 2015). The second exception is not implicated by the BIA's ruling and Camacena does not contend the IJ's determination implicates "a constitutional or legal question," *Pechenkov v. Holder*, 705 F.3d 444, 448–49 (9th Cir. 2012); he merely invites us to "reweigh evidence to determine if the crime was indeed particularly serious," which we lack jurisdiction to do. *Blandino-Medina v. Holder*, 712 F.3d 1338, 1343 (9th Cir. 2013) (citation omitted).

2. Camacena may still seek deferral of removal under CAT. 8 C.F.R. § 1208.16(d)(2). The BIA concluded Camacena failed to show it was more likely than not that he would be tortured by or with the acquiescence of a public official. *See Arrey v. Barr*, 916 F.3d 1149, 1160 (9th Cir. 2019). The record does not compel a contrary conclusion. Camacena testified that he was attacked by inmates while in pretrial detention after his 2006 arrest for alien smuggling. Camacena claimed that the leader of the alien-smuggling ring sent the attackers to warn him not to implicate others in the ring, and as a result of the attack he appeared at one of his hearings in a wheelchair. Camacena also claimed that he fears the ringleader

3

will seek revenge if Camacena is removed. But Camacena pleaded guilty, did not implicate anyone else, and admitted he has received no threats of any kind related to his involvement in the smuggling ring since he was attacked in jail and subsequently entered a guilty plea. Camacena's wife, who was also part of the smuggling ring, has resided in Mexico since being deported in 2007. Camacena has not shown that his wife has been threatened in connection with the smuggling ring. In all, the record does not compel the conclusion that Camacena will more likely than not be tortured if removed.

Camacena also fails to show that the record compels the conclusion that a public official would acquiesce to his torture. Camacena asserts that the head of the smuggling ring remains in Mexico, and that the ringleader was accompanied by a police officer in Mexico and known to pay off the Mexican police. Even assuming the truth of these allegations, they do not meet Camacena's burden to show that he will more likely than not be tortured if he is removed, and that the Mexican police would have "awareness of such activity and thereafter breach [their] responsibility to intervene to prevent such activity." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006) (quoting 8 C.F.R. § 208.18(a)(7)).

**PETITION FOR REVIEW DISMISSED IN PART, AND DENIED IN PART.**